MANATT, PHELPS & PHILLIPS, LLP
NAEUN RIM (Bar No. CA 263558)
E-mail: NRim@manatt.com
KATE M. HAMMOND (Bar No. CA 293433)
E-mail: KHammond@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California  90067
Telephone:   310.312.4000
Facsimile:    310.312.4224

FREDRIKSON & BRYON, P.A.
JOSEPH T. DIXON, III (admitted *pro hac vice*)
E-mail: JDixon@fredlaw.com
200 South Sixth Street, Suite 4000
Minneapolis, Minnesota 55402
Telephone:   612.492.7258
Facsimile:    612.492.7077

Attorneys for Defendant
VISION QUEST INDUSTRIES, INC.

**Note Court's changes to proposed document.**
**MRW**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>VISION QUEST INDUSTRIES, INCORPORATED,<br><br>        Defendants. | No. 2:21-cv-05197-FLA (MRWx)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |

It is ordered that the following terms and provisions will govern the production and use of certain documents, information, and evidence to be produced by the parties or any non-party in connection with the above-captioned action:

**INTRODUCTION**

1. Purposes and Limitations

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. Good Cause Statement

Good cause exists for this stipulated protective order. Plaintiff's allegations involve health claims submitted for reimbursement and Defendant's policies and practices regarding the sale of its product to customers, among other things. Accordingly, discovery in this action will likely involve protected health information subject to protection under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and confidential and highly sensitive information related to Defendant's customers, pricing, policies, and business practices. Such information justifies special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Such confidential materials consist of information

that is otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under applicable law.

The use and disclosure of protected health information is limited by HIPAA and the third parties' right to privacy. A covered entity is not permitted to disclose protected health information in the course of a judicial proceeding unless certain "satisfactory assurances" are received. This Protective Order provides any covered entity compelled to produce documents in this litigation with the requisite satisfactory assurances under HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(iv). Further, the disclosure of material that Defendant considers highly sensitive business information might cause harm to its competitive position, thereby warranting protection from public disclosure and use for any purpose outside of this action. (While both parties agree that good cause exists to enter this protective order, both parties expressly reserve their respective right to challenge the producing party's confidentiality designations as set forth in Section III below.)

Accordingly, to protect such information, and to ensure that the parties are permitted reasonable uses of such material in preparation for trial and to address their handling at the end of litigation, a protective order for such information is justified in this matter.

## I. DEFINITIONS

1. <u>Archived Materials</u>: Data that has been determined as no longer actively used and has been moved to a separate storage device for long-term retention.

2. <u>Covered Information</u>: Produced Material which one or more of the parties reasonably believes in good faith constitutes either (a) personal health or personal financial information of individuals, or personal information contained in an employee's personnel file; and/or (b) trade secret or other confidential research, development, or commercial information (such as customer/client lists or agreements with medical or other service providers) subject to confidential treatment under Fed. R. Civ. P. 26(c)(1)(G). Covered Information expressly includes "protected health

information," produced by any "covered entity," as defined by HIPAA's Privacy Rule. *See* 45 C.F.R. § 160.103; 45 C.F.R. § 164.501.

Pursuant to the HIPAA Privacy Rule, a covered entity is permitted to disclose protected health information in the course of a judicial proceeding if certain "satisfactory assurances" are received. This Protective Order hereby provides any covered entity compelled to produce documents in this litigation with the requisite satisfactory assurances under HIPAA. *See* 45 C.F.R. § 164.512(e)(1)(iv).

In accordance with the HIPAA Privacy Rule, this Protective Order allows for the disclosure and receipt of a patient's protected health information, in the possession of a covered entity, for the limited purpose of this litigation, including at depositions, hearings, or other judicial proceedings in this litigation. In accordance with the HIPAA Privacy Rule, this Protective Order specifically prohibits the parties from using or disclosing the protected health information for any purpose other than this litigation for which such information was requested. 45 C.F.R. § 164.512(e)(1)(v)(A).

Also in accordance with the HIPAA Privacy Rule, the protected health information disclosed to any persons listed in Section IV, Paragraph 2 of this Protective Order, including all copies made, shall be destroyed at the conclusion of this litigation as provided herein. 45 C.F.R. § 164.512(e)(1)(v)(B).

This Order also permits and authorizes the parties to disclose individually identifying health, personal and financial information of nonparty patients during discovery in this case. The Court further finds that it is not possible to identify and contact all nonparty patients whose names or other personal, identifying information may be produced and that removal or deletion of all such information is not practical or feasible. Therefore, the Court hereby authorizes and ORDERS, to the extent a court order is necessary under state law, that the parties are permitted to disclose individually identifying health, personal, and financial information, records and data regarding nonparty patients during discovery in this case, including information

otherwise privileged or confidential under state law.

Restrictions and obligations set forth herein relating to Covered Information shall not apply to any material which: (a) is already public knowledge; or (b) the producing party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the party receiving the Covered Information.

Nothing herein shall be construed as a restriction on the use or disclosure outside of this litigation of its own information by the party producing or supplying the information.

## II. DESIGNATING PROTECTED MATERIAL

1. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, produced material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires for:

(a) <u>Information in Documentary Form</u>. All documents containing Covered Information shall be clearly labeled "CONFIDENTIAL" by the party producing the information.

(b) <u>Testimony Given at a Deposition or Other Pretrial Proceeding</u>. Covered Information may be designated as subject to this Protective Order by an appropriate statement at the time of the giving of such testimony or within 21 days following receipt of the final transcript of the deposition, hearing, or other proceeding, by notifying the parties and those who were present at the deposition, hearing or other proceeding. All copies of portions of transcripts that contain material designated as Covered Information shall be marked prominently "CONFIDENTIAL" on the cover thereof. No testimony shall be deemed subject to this Protective Order unless specifically designated as such. Any party's designation of testimony as Covered Information shall be limited to only that part of the testimony that it in good faith and reasonably believes is protected by federal or state law or is otherwise confidential and/or proprietary.

2. <u>Failure to Designate</u>.  This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as Covered Information: (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case; or (c) otherwise should not be admitted as evidence in the case. By entering into this stipulation, no party concedes that any information produced in this litigation does in fact contain protected health information, confidential information or proprietary information. A party or non-party who discloses or produces a confidential document not designated as confidential may, within 14 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.  Documents containing confidential health information that were not designated as confidential may be reproduced and designated as confidential at any time.

3. The inadvertent disclosure of any material subject to a claim that they are protected from discovery by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or protection against discovery shall be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

4. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5. Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party. A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

### III.  CHALLENGING OF CONFIDENTIALITY DESIGNATIONS

1. In the event that any party believes that any Covered Information is not confidential or proprietary and, therefore, should not be subject to this Protective Order, the party shall, within a reasonable amount of time of the party's receipt or

potential use of the document marked "Confidential" state the grounds for the objection in writing and serve it on the producing party. The objecting party shall thereafter try to resolve such disputes in good faith on an informal basis with the producing party. In the event the dispute cannot be resolved informally within fourteen (14) days after the designating party's receipt of the notice, the designating party may file an appropriate application with the Court requesting that the designated material be treated as subject to this Protective Order. The party making the designation shall have the burden of proving that the material should be treated as designated. During the pendency of any motion to reclassify materials that have been designated as "Confidential," the parties shall adhere to the previously designated classification. However, if no motion is filed within fourteen (14) days of the receipt of the notice of objection, the designated material shall no longer be treated as subject to this Protective Order.  This provision does not apply to confidentiality designations based on protected health information.

**IV.    ACCESS TO AND USE OF PROTECTED MATERIAL**

1. <u>Destruction</u>.  Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the designating party all documents designated as containing Covered Information, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents with the exception of any Archived Materials and attorney work product with embedded Covered Information.  Attorneys may retain a set of pleadings and documents filed with the Court, written discovery or other pleadings served by either party on the other party, all transcripts, and all correspondence, all consultant or expert reports, and all work product generated in connection with the action. All Covered Information retained for any reason will continue to be subject to this Order.

2. <u>Disclosure of Protected Material</u>.  The Parties and Counsel shall not disclose or permit the disclosure of any Covered Information to anyone other than those persons listed in subparagraphs (a) through (i) below.  If a document designated

Covered Information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it. Disclosure of Covered Information to these individuals may only be made in accordance with the provisions of this Protective Order:

    (a)    The parties to this litigation, including their current or former officers, directors, agents, employees, and consultants;

    (b)    Counsel of record and associated counsel and employees or agents of counsel of record or associated counsel;

    (c)    Court reporters, stenographers, or video operators at depositions, court, or arbitral proceedings at which Covered Information is disclosed;

    (d)    Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Covered Information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

    (e)    Deponents and other persons providing testimony in this matter and their counsel, if any, not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in this Action, or in preparation for the same;

    (f)    Any person who authored, received, or who otherwise has already been provided access to the Covered Information in the ordinary course of business;

    (g)    Independent experts and consultants retained by counsel to assist them in connection with this action;

    (h)    Such other persons as the parties may mutually agree upon in writing;

    (i)    The Court, whether in a letter, affidavit, brief, memorandum or other filed paper, or whether orally in a hearing; and

    (j)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution

of discovery or other disputes and their necessary personnel.

3. Prior to disclosing Covered Information to those individuals listed in subparagraphs g, h, and j above, the Parties shall obtain a signed "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A from the person to whom the Covered Information is to be disclosed. Such agreement shall be retained by Counsel throughout the course of the action, including any appeals.

## V. [DISPUTED SECTION] PROTECTION AND CLAWBACK OF PRIVILEGED MATERIAL

1. Waiver. The disclosure **in this litigation of a document that subsequently becomes** subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, whether **that disclosure was** inadvertent or otherwise, is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding. For example, the mere disclosure of privileged or work product protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 26(b)(5)(B) and **See** Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

2. Clawback Procedure. Upon notice that Privileged Material have been produced, the Privileged Material and all copies thereof shall be returned to the Producing Party or destroyed, deleted, or otherwise permanently removed from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the document. In providing notice that Privileged Material have been produced, the Producing Party shall promptly provide the Receiving Party with an updated privilege log.

The Receiving Party may make no use of the Privileged Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the Privileged Material are later designated by a court as not privileged or protected. **As discussed in a hearing with Judge Wilner, this Court has jurisdiction to determine the scope of privilege issues and the propriety of the assertion of a clawback request in discovery proceedings.** ~~The contents of the Privileged Material shall not be disclosed to anyone who was not already aware of their contents before the notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the Privileged Material, the Receiving Party will not review or use those materials unless a court later designates the Privileged Material as not privileged or protected.~~

~~If a Receiving Party receives a document from a Producing Party which the Receiving Party believes is privileged or protected, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may determine whether it wishes to have the document returned or destroyed pursuant to this Order.~~

## VI.   MISCELLANEOUS

1. <u>Right to Assert Other Objections</u>.  This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as Covered Information: (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case; or (c) otherwise should not be admitted as evidence in the case. By entering into this stipulation, no party concedes that any information produced in this litigation does in fact contain protected health information, confidential information or proprietary information.

2. <u>Reasonable Efforts to Retain Confidentiality</u>.  Each party must make reasonable efforts to protect the confidentiality of any Covered Information disclosed or produced to that party.  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that

breach and make reasonable efforts to remedy the breach.

3. <u>Amendment</u>. This Protective Order may be amended only by leave of the Court.

4. <u>Disclosure Required by Law</u>. Notwithstanding any of the non-disclosure obligations set forth in this Protective Order, such obligations shall not extend to any material required to be produced by an appropriate subpoena, court order, a regulatory agency, or otherwise by law. To the extent that the information subpoenaed includes protected health information, the parties understand that disclosure of protected health information must comply with the HIPAA Privacy Rule and state law. Should a party or counsel be served with a subpoena or other notice seeking disclosure or production of Covered Information, including protected health information, that party shall give notice to counsel for the other party promptly and in writing, sufficiently in advance of the requested production date to allow the counsel for the party or such other interested person or entity an opportunity to object to the requested production.

5. <u>Violations</u>. Any allegations regarding violation of this Protective Order shall be submitted to the Court for adjudication.

6. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated Confidential documents relating to any potential violation of law or regulation, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such documents by an agency in any proceeding relating to any potential violation of law or regulation; provided, however, that the agency shall maintain the confidentiality of the designated documents consistent with the terms of this Protective Order.

7. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Confidential

documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

8. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to produce designated Confidential documents to a third party that are otherwise subject to disclosure in response to a request pursuant to the Freedom of Information Act. Prior to any such disclosure of such documents, the United States shall specifically consider the applicability of the Freedom of Information Act to the documents in light of § 552(b)(6) of that Act. If the United States does not intend to object to disclosure pursuant to the Freedom of Information Act, it will promptly notify the party that originally produced the documents and allow the producing party ten (10) days to file an objection prior to producing the requested documents pursuant to the Freedom of Information Act.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July ___, 2021                MANATT, PHELPS & PHILLIPS, LLP


By: _____
Naeun Rim
Kate M. Hammond
Attorneys for Defendant
VISION QUEST INDUSTRIES, INC.

Dated: July ___, 2021         FREDRIKSON & BRYON, P.A.


                              By:_____
                                 Joseph T. Dixon, III
                                 Attorneys for Defendant
                                 VISION QUEST INDUSTRIES,
                                 INC.

Dated: July ___, 2021         W. ANDERS FOLK
                              Acting United States Attorney
                              District of Minnesota


                              By:_____
                                 Chad A. Blumenfield
                                 Assistant U.S. Attorney
                                 Attorney ID Number 387296

                                 Attorneys for Plaintiff
                                 UNITED STATES of AMERICA


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


                                     /s/ Judge Wilner
DATED: July 23, 2021          _____
                              HON. MICHAEL R. WILNER
                              United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read, and agree to comply with and be bound by, the protective order entered in the case captioned United States District Court for the Central District of California in the case of *United States of America v. Vision Quest Industries, Incorporated*, Case No. 2:21-cv-05197-FLA (MRWx) in the United States District Court for the District of California. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

400335845.4